**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-2744

JUAN TIMOTEO MONTES,

                                                    Petitioner,

        versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

                                                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A70-435-707)

Submitted: May 18, 1999                   Decided: July 9, 1999

Before ERVIN and KING, Circuit Judges, and HALL, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Laurence F. Johnson, Laura M. Dawkins, JOHNSON & YANG, P.C.,
Wheaton, Maryland, for Petitioner. David W. Ogden, Acting Assis-
tant Attorney General, Joan E. Smiley, Senior Litigation Counsel,
Russell J. E. Verby, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Timoteo-Montes petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Montes first contends that the Immigration Judge's (IJ) adverse credibility finding that was adopted by the Board is not supported by substantial evidence. After a thorough review of the record, we conclude that substantial evidence supports the determination that Montes' account of threats and beating by the Shining Path lacks credibility and that he therefore does not qualify for relief. See 8 U.S.C. § 1105a(a)(4) (1994).[*]

Montes next maintains that the Board's application of a new standard to assess the IJ's credibility finding and its ultimate acceptance of the IJ's adverse credibility determination deprived him of meaningful appellate de novo review. We reject this contention because the Board properly fulfilled its obligation to conduct a thorough and independent review of the record and accurately assessed the IJ's credibility findings. See Matter of A.S., Interim Decision 3336 (BIA 1998). We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal conten-

---

[*] We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-128, 110 Stat. 3009, effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3